Arthur Johnson, Esq. #36415
Butts & Johnson
481 North First St.
San Jose, CA 95112
Tel: 408 293 4818
Fax: 408 293 4857

Attorney for Plaintiff




JUN 22 2007

R... W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PAUL STAPLES,

    Plaintiff,

V.

HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, Does 1-25;

    Defendants.
_____//

No. C07 03285 JF RS

COMPLAINT FOR BREACH OF EMPLOYEE BENEFIT PLAN
(29 U.S.C. 1002 et seq.)

COMPLAINT FOR BENEFITS



//

//

//

//

//

## JURISDICTION

1. PAUL STAPLES and at all times herein alleged was a resident of Santa Clara County, State of California, and was and is a citizen of the State of California. HARTFORD LIFE AND ACCIDENT INSURANCE ("HARTFORD") is and at all times mentioned herein was a corporation.

2. Plaintiff is unsure of the names of other defendants and has therefore alleged them as Does 1 through 25. Plaintiff will substitute their true names when known.

3. As set forth below, defendant HARTFORD issued a "Long Term Disability Plan" as an employee benefit pursuant to the Employee Retirement Income Security Act of 1974. Jurisdiction of this court is therefore present under 29 USC 1002, 29 USC 1132. All acts alleged occurred in Santa Clara County.

## STATEMENT OF FACTS

4. Effective August 12, 1996, HARTFORD issued a Long Term Disability Plan (the "Plan") to plaintiff's employer, Sverdrup Technology, Inc. ("Sverdrup"), Group Policy No. GLT-34302. This group policy promised, as an employee benefit, to pay long term disability benefits to employees of Sverdrup should they become totally disabled while employed by HARTFORD.

5. At all times herein mentioned plaintiff PAUL STAPLES was an employee of HARTFORD, and is a covered under the group Plan.

6. On or about October 3, 2002, plaintiff became totally disabled in accordance with the definition of total disability under the Plan, and timely applied for benefits under such plan.

7. The Plan provided benefits to plaintiff in the sum of

1  $$3,820 per month commencing January 1, 2003.  The benefit was
2  reduced by other disability income received by plaintiff in the
3  amount of $2,123.33, leaving a net payable of $1,479.88.
4      8.  The Plan continued to pay benefits until March 8, 2006,
5  at which time plaintiff's benefits were discontinued on the basis
6  that he was no longer disabled from his own occupation.
7      9. Plaintiff properly appealed the denial of benefits to the
8  Plan.  On January 10, 2007, the Plan denied plaintiff's appeal
9  and issued a final and administratively binding decision.
10 Plaintiff has now exhausted his administrative remedies.
11     10.  Plaintiff is now, and at all times mentioned here was,
12 totally disabled under the definition of the Plan and entitled to
13 long term disability benefits.

## FIRST CAUSE OF ACTION

16     11.  The Long Term Disability Plan described herein is an
17 employee benefit plan defined under 29 USC 1002.
18     12.  In accordance with 29 USC 1132, plaintiff herein seeks
19 to recover the benefits due him under the Plan, and his
20 attorney's fees expended herein.
21     13.  A common, plain reading of the Plan shows plaintiff's
22 disability for which he seeks benefits to be a covered
23 disability.  The Plan denies that plaintiff is totally disabled.
24 Plaintiff thereby seeks clarification of the Plan Description to
25 understand his rights to future benefits.  Plaintiff alleges that
26 the Plan Description is therefore inaccurate, vague and
27 ambiguous, and is not written in a manner calculated to be
28 understood by the average plan recipient, and fails to discuss

1 | circumstances regarding loss of benefits, in violation of 29 USC
2 | 2022.
3 |     14.  In all cases, plaintiff has performed all conditions
4 | required on his part to be performed and in accordance with the
5 | Plan, gave the Plan due and timely notice of and proof of loss.
6 |     15.  The action of the Plan in rejecting plaintiff's claim
7 | was arbitrary and capricious.
8 |     16.  The Plan is to be interpreted in accordance with the de
9 | novo standard as defined in <u>Firestone Tire and Rubber Co. V.</u>
10 | <u>Bruch</u>, 109 S.Ct. 948 (1989).  The Plan has previously stipulated
11 | that the Plan is to be so interpreted in other actions before
12 | this Court (<u>Bonner v. FMC Long Term Disability Plan</u>, [citation]).
13 |
14 |     WHEREFORE, plaintiff prays for judgment against defendant
15 | HARTFORD Long Term Disability Plan as follows:
16 |
17 |     1.  For all benefits due Plaintiff under the Plan together
18 | with the interest thereon at the legal rate;
19 |     2.  For costs of suit incurred herein;
20 |     3.  For attorney's fees;
21 |     4.  For pre-judgment interest; and
22 |     5.  For such other and further relief as the court deems
23 | appropriate and just under the circumstances.
24 | Dated:  June 22, 2007
25 |                                      BUTTS & JOHNSON
26 |
27 |                                      _____
28 |                                      Arthur Johnson
                                         Attorney for Plaintiff