1  SEDGWICK, DETERT, MORAN & ARNOLD LLP
   BRUCE D. CELEBREZZE  Bar No. 102181
2  DENNIS G. ROLSTAD  Bar No. 150006
   ERIN A. CORNELL  Bar No. 227135
3  One Market Plaza
   Steuart Tower, 8th Floor
4  San Francisco, California 94105
   Telephone: (415) 781-7900
5  Facsimile: (415) 781-2635
   dennis.rolstad@sdma.com
6
   Attorneys for Defendant
7  HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY

8                UNITED STATES DISTRICT COURT

9         NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

10

11 PAul STAPLES,                          CASE NO. C 07-03285 JF

12        Plaintiff,                      **DEFENDANT HARTFORD LIFE AND
                                          ACCIDENT INSURANCE COMPANY'S
13        v.                              ANSWER TO PLAINTIFF'S COMPLAINT**

14 HARTFORD LIFE AND ACCIDENT
   INSURANCE COMPANY, Does 1-25,
15
          Defendants.
16

17        COMES NOW defendant Hartford Life and Accident Insurance Company ("Hartford"),

18 and hereby answers the Complaint of plaintiff Paul Staples ("plaintiff") as follows:

19        1.     In response to the averments set forth in paragraph 1 of the complaint, Hartford

20 admits upon information and belief that plaintiff was a resident and citizen of the State of

21 California.  Hartford further admits that it is a corporation.  Hartford denies each and every

22 remaining averment set forth in paragraph 1 of the complaint.

23        2.     In response to the averments set forth in paragraph 2 of the complaint, Hartford is

24 without knowledge or information sufficient to form a belief as to truth of the averments set forth

25 in paragraph 2 of the complaint, and therefore denies each and every such averment.

26        3.     In response to the averments set forth in paragraph 3 of the complaint, Hartford

27 admits that the employee benefit plan that is the subject of this action was and is an employee

28 welfare benefit plan within the meaning of 29 U.S.C. Section 1002(1) and subject to the

1  Employee Retirement Income Security Act of 1974, and that Hartford issued an insurance policy
2  which insures benefits under the Plan. Hartford further admits that this Court enjoys jurisdiction.
3  Hartford denies each and every remaining averment set forth in paragraph 3 of the complaint.

4      4.     In response to the averments set forth in paragraph 4 of the complaint, Hartford
5  admits that it issued Group Long Term Disability Policy number GLT-34302 (the "Policy") to
6  plaintiff's employer, Sverdrup Technology, Inc., and that the Policy offered long term disability
7  benefits to eligible participants. The Policy speaks for itself. Hartford denies each and every
8  remaining averment set forth in paragraph 4 of the complaint.

9      5.     In response to the averments set forth in paragraph 5 of the complaint, Hartford
10 admits that plaintiff was a covered participant under the Policy and that plaintiff was an employee
11 of Sverdrup Technology, Inc. Hartford denies that plaintiff was an employee of Hartford.
12 Hartford denies each and every remaining averment set forth in paragraph 5 of the complaint.

14     6.     In response to the averments set forth in paragraph 6 of the complaint, Hartford
15 admits that plaintiff's last day of work was October 2, 2002, and that he timely submitted a claim
16 for long term disability benefits. Hartford denies each and every remaining averment set forth in
17 paragraph 6 of the complaint.

18     7.     In response to the averments set forth in paragraph 7 of the complaint, Hartford
19 admits that it began paying plaintiff long term disability benefits effective January 1, 2003.
20 Hartford further admits that his gross monthly benefit amount before offsets was $3,820, that the
21 gross benefit is reduced by other income received by the plaintiff, including but not limited to
22 California State Disability benefits, and that plaintiff received California State Disability benefits in
23 the monthly amount of $2,123.33 from October 10, 2002 through June 21, 2003, which would be
24 deducted from the gross benefit. Hartford denies each and every remaining averment set forth in
25 paragraph 7 of the complaint.

26     8.     In response to the averments set forth in paragraph 8 of the complaint, Hartford
27 admits that plaintiff was paid benefits until such benefits were terminated effective March 8, 2006,
28 because plaintiff no longer met the Policy's definition of disability. Hartford denies each and

every remaining averment set forth in paragraph 8 of the complaint.

9. In response to the averments set forth in paragraph 9 of the complaint, Hartford admits that plaintiff appealed Hartford's benefits decision. Hartford further admits that via letter dated September 21, 2006, it upheld its decision to terminate plaintiff's disability benefits. Hartford further admits that via letter dated January 10, 2007, it acknowledged plaintiff's untimely attempt to submit evidence, and reminded him that a final and binding decision had been made on September 21, 2006. Hartford further admits that plaintiff has exhausted his administrative remedies. Hartford denies each and every remaining averment set forth in paragraph 9 of the complaint.

10. In response to the averments set forth in paragraph 10 of the complaint, Hartford admits that it paid plaintiff disability benefits from January 1, 2003 through March 8, 2006. Hartford denies each and every remaining averment set forth in paragraph 10 of the complaint.

11. In response to the averments set forth in paragraph 11 of the complaint, Hartford admits that the Plan at issue in this litigation is an employee welfare benefits plan governed by the Employee Retirement Income Security Act of 1974. Hartford denies each and every remaining averment set forth in paragraph 11 of the complaint.

12. In response to the averments set forth in paragraph 12 of the complaint, Hartford admits that plaintiff is seeking to recover benefits under the Policy and his attorneys' fees. Hartford denies each and every remaining averment set forth in paragraph 12 of the complaint.

13. In response to the averments set forth in paragraph 13 of the complaint, Hartford admits that plaintiff does not meet the definition of disability in the Policy and he is not totally disabled. Hartford denies each and every remaining averment set forth in paragraph 13 of the complaint.

14. Hartford denies each and every averment set forth in paragraph 14 of the complaint.

15. In response to the averments set forth in paragraph 15 of the complaint, Hartford admits that the standard of review in this action is abuse of discretion. Hartford denies that its benefits decision was arbitrary and capricious. Hartford denies each and every remaining

1  averment set forth in paragraph 15 of the complaint.

2      16.    In response to the averments set forth in paragraph 16 of the complaint, Hartford
3  states that it is not required to respond to plaintiff's legal authority or argument set forth therein.
4  Hartford further denies that the plan at issue in this action was involved in the action <u>Bonner v.</u>
5  <u>FMC Long Term Disability Plan</u>, 1994 U.S. App. LEXIS 9514 (9th Cir. 1994). Hartford denies
6  each and every remaining averment set forth in paragraph 16 of the complaint.

7      17.    The Plan denies each and every averment set forth in plaintiff's complaint that is
8  not otherwise admitted in this answer.

9  <center>AFFIRMATIVE DEFENSES</center>

10 <center>FIRST AFFIRMATIVE DEFENSE</center>

11     The complaint, and each purported cause of action therein, fails to state a claim upon
12 which relief can be granted.

13 <center>SECOND AFFIRMATIVE DEFENSE</center>

14     The claims asserted in the complaint are barred in whole or in part by the terms,
15 definitions, exclusions, conditions, limitations, and endorsements contained in the disability policy
16 and/or employee benefit plan which is the subject of the complaint and/or terms and provisions of
17 the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001, *et seq*.

18 <center>THIRD AFFIRMATIVE DEFENSE</center>

19     The claims asserted in the complaint are barred by plaintiff's failure to comply with the
20 terms and conditions contained in the employee benefit plan which is the subject of the complaint
21 and/or the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001, *et seq*.

22 <center>FOURTH AFFIRMATIVE DEFENSE</center>

23     Plaintiff has failed to perform all of the obligations and conditions set forth under the
24 employee benefit plan which is the subject of the complaint and/or the Employee Retirement
25 Income Security Act, 29 U.S.C. §§ 1001, *et seq*.

26 <center>FIFTH AFFIRMATIVE DEFENSE</center>

27     To the extent that it is determined that plaintiff misrepresented or failed to disclose or
28 omitted material information in connection with any application for insurance or application for

disability insurance benefits, plaintiff's claims are barred.

### SIXTH AFFIRMATIVE DEFENSE

Hartford alleges the proper standard of review is abuse of discretion because the Plan affords discretionary authority to the claims administrator to determine eligibility for benefits pursuant to Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989).

### SEVENTH AFFIRMATIVE DEFENSE

Hartford alleges that the benefit determination was not an abuse of discretion as a matter of law.

### EIGHTH AFFIRMATIVE DEFENSE

The complaint, and each cause of action contained therein, fails to state sufficient facts to constitute a valid claim for attorneys' fees.

### NINTH AFFIRMATIVE DEFENSE

Hartford alleges that, if the complaint was not brought in good faith pursuant to Rule 11 of the Federal Rules of Civil Procedure, it is entitled to and will seek reasonable expenses, including attorneys' fees, incurred in defending the action.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to set out his claims with sufficient particularity to permit Hartford to raise all appropriate defenses and, thus, Hartford reserves its rights to add additional defenses as a factual basis for these claims becomes known.

WHEREFORE, Hartford prays for judgment as follows:

1. That plaintiff take nothing by reason of the complaint;

2. That Hartford be awarded its' reasonable attorneys' fees incurred in this action; and

3. That Hartford be awarded its costs of suit incurred herein and such other and further relief as the court deems just and proper.

DATED: July 31, 2007          SEDGWICK, DETERT, MORAN & ARNOLD LLP


By: s/Dennis G. Rolstad
Dennis G. Rolstad
Erin A. Cornell
Attorneys for Defendant
HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY