1  SEDGWICK, DETERT, MORAN & ARNOLD LLP
   BRUCE D. CELEBREZZE BAR No. 102181
2  DENNIS G. ROLSTAD BAR No. 150006
   ERIN A. CORNELL BAR No. 227135
3  One Market Plaza
   Steuart Tower, 8th Floor
4  San Francisco, California 94105
   Telephone: (415) 781-7900
5  Facsimile: (415) 781-2635
   dennis.rolstad@sdma.com

7  Attorneys for Defendant and Counterclaimant
   HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY

9              UNITED STATES DISTRICT COURT

10          NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| PAUL STAPLES,<br><br>    Plaintiff,<br><br>v.<br><br>HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, DOES 1-25,<br><br>    Defendants.<br><br>HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,<br><br>    Counterclaimant,<br><br>v.<br><br>PAUL STAPLES,<br><br>    Counter-Defendant. | CASE NO. C 07-03285 JF<br><br>**COUNTERCLAIM OF DEFENDANT AND COUNTERCLAIMANT HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY FOR EQUITABLE RELIEF UNDER 29 U.S.C. §1132(a)(3), BREACH OF CONTRACT, MONEY DUE AND OWING, AND DECLARATORY RELIEF** |

   COMES NOW defendant and Counterclaimant Hartford Life and Accident Insurance Company and, for its Counterclaim against plaintiff Paul Staples, alleges as follows:

1 <u>JURISDICTION AND VENUE</u>

2  1.  Plaintiff consented to jurisdiction when he filed his complaint.

3  2.  Plaintiff consented to venue when he filed his complaint.

4  <u>PARTIES</u>

5  3.  Defendant and Counterclaimant Hartford Life and Accident Insurance Company 6 ("Hartford") is a corporation with its principle place of business in the State of Connecticut, 7 authorized to transact and transacting the business of insurance in the State of California.

8  <u>GENERAL ALLEGATIONS</u>

9  4.  Hartford issued group long term disability insurance policy number GLT-34302 to 10 Sverdrup Technology Inc. ("Sverdrup") to provide long term disability insurance coverage to 11 certain of Sverdrup's employees who apply for long term disability benefits (hereinafter referred 12 to as "the Policy"). The Policy was issued subject to all the terms, condition, limitations, 13 exclusions, and endorsements contained therein. A true and correct copy of the Policy is attached 14 to this Counterclaim as Exhibit 1 and incorporated herein by this reference.

15  5.  The Policy provides, in relevant part, as follows:

16  **CALCULATION OF MONTHLY BENEFIT**

17  **How are benefits calculated for Total Disability?**

18  If you are Disabled after the Elimination Period, your Monthly Benefits will be calculated as follows:

19
20  (1) Multiply your Monthly Rate of Basic Earnings by the Benefit Percentage shown in the Schedule of Insurance;

21  (2) Identify the Maximum Benefit shown in the Schedule of Insurance;

22  (3) Compare the amounts determined in items (1) and (2) above, and from the less amount subtract all Other Income Benefits; the result is your 23 Monthly Benefit.

24  6.  The Policy further provides, in relevant part, as follows:

25  **Other Income Benefits** means the amount of any benefit for loss of income, provided to you or to your family, as a result of the period of Disability for which 26 you are claiming benefits under the plan. This includes any such benefits for which you or your family are eligible or that are paid to you, to your family, or to a third 27 party on your behalf, pursuant to any:

28  (1) temporary or permanent disability benefits under a Workers' Compensation Law, occupational disease law, or similar law;

      (2) government law or program that provides disability or unemployment benefits as a result of your job with the Employer;

      (3) plan or arrangement of coverage, whether insured or not, as a result of employment by or association with the Employer or as a result of membership in or association with any group, association, union or other organization;

      (4) individual insurance policy where the premium is wholly or partially paid by the Employer;

      (5) "no-fault" automobile insurance plan;

      (6) disability benefits under the United States Social Security Act, the Canada Pension Plan, the Quebec Pension Plan or similar plan or act that you, your spouse and children are eligible to receive because of your Disability.

Other Income Benefits also mean any such payments that are made to you, your family, or to a third party on your behalf, pursuant to any;

      (1) disability benefit under the Employer's Retirement Plan;

      (2) portion of a settlement or judgment, minus associated costs, of a lawsuit that represents or compensates for your loss of earnings;

      (3) retirement benefit from a Retirement Plan that is wholly or partially funded by employer contributions, unless:

          (a) you were receiving it prior to becoming Disabled; or

          (b) you immediately transfer the payment to another plan qualified by the United States Internal Revenue Service for the funding of a future retirement.

* * *

If you are paid Other Income Benefits in a lump sum, we will pro-rate the lump sum:

      (1) over the period of time it would have been paid if not paid in a lump sum; or

      (2) if such period of time cannot be determined, over a period of 60 months.

The Hartford may make a retroactive allocation of any retroactive Other Income Benefit payments.

7.    Plaintiff applied to Hartford for long term disability benefits pursuant to the Policy, and Hartford approved his claim effective January 1, 2003, and began paying him monthly long term disability benefits. Hartford advised plaintiff that, in accordance with the Policy, his benefits consisted of a percentage of his monthly income loss, reduced by certain other income benefits

that he receives or is entitled to receive, such as Social Security and Workers' Compensation. Hartford further advised plaintiff that, should he receive, or become entitled to receive, other income benefits due to disability or retirement, he must notify Hartford at once so that Hartford may determine whether such income will have an effect on the long term disability benefit amount. Hartford also offered plaintiff the option to withhold a portion of his long term disability benefits to provide a full or partial offset of any future Social Security disability or other awards made to plaintiff.

8.   In or around November, 2004, plaintiff was awarded Social Security Disability benefits in the monthly amount of $1,851, retroactive to April 1, 2003. Pursuant to the Policy, plaintiff's disability benefits under the Policy were therefore reduced by $1,851 for each month he had received benefits, since April, 2003, and for each month that he continued to receive benefits. An overpayment was thus created, and plaintiff's failure to timely notify Hartford of his entitlement to other income benefits resulted in a significant overpayment of long term disability benefits by Hartford to plaintiff.

9.   Plaintiff has recognized the overpayment but has failed and refused, and continues to fail and refuse, to pay Hartford the full amount of the overpayment. As of July 31, 2007, the overpayment on plaintiff's account was the sum of at least $14,000.

<u>FIRST CLAIM FOR RELIEF</u>
(EQUITABLE RELIEF UNDER 29 U.S.C. § 1132(a)(3))

10.   Hartford refers to and incorporates by reference each and every allegation contained in paragraphs 1 through 9, inclusive, as though fully set forth in this claim for relief.

11.   ERISA provides that a civil action may be brought by a fiduciary to obtain appropriate equitable relief to redress violations of ERISA or to enforce provisions of ERISA or the plan. 29 U.S.C. § 1132(a)(3)(B).

12.   Hartford, as the administrator of claims under the plan and Policy and as the insurer of the plan and Policy, is a fiduciary of the plan at issue and is entitled to bring this action pursuant to 29 U.S.C. §1132(a)(3).

13.   Pursuant to 29 U.S.C. § 1132(a)(3), Hartford seeks equitable relief, including, but

1  not limited to, restitution and declaration of rights under the plan against plaintiff to enforce
2  ERISA and the terms of the plan.
3      14.    The Policy provides that Hartford may reduce plaintiff's monthly disability benefit
4  by amounts received from Other Income. As defined above, "Other Income Benefits" includes
5  benefits received from Social Security.
6      15.    The Policy further provides that Hartford may make a retroactive allocation of any
7  retroactive Other Income Benefit payments.
8      16.    By establishing its right to reimbursement of retroactive Other Income Benefits,
9  including benefits received from Social Security, a specific, identifiable fund was established in
10 which Hartford has certain claims and rights.
11     17.    By refusing to cooperate with the plan to protect its rights and refusing to
12 reimburse Hartford to the extent of benefits paid to and on behalf of plaintiff out of the amount
13 plaintiff recovered, plaintiff has violated the terms of the Policy and plan.
14     18.    Since these acts and/or practices violate the Policy's terms, this Court should enter
15 an order declaring Hartford's rights to the disputed funds and enter an order in restitution
16 enforcing the terms of the Policy by requiring plaintiff to turn over an amount to be determined at
17 trial to Hartford.

18                          SECOND CLAIM FOR RELIEF
19                          (BREACH OF WRITTEN CONTRACT)

20     19.    Hartford refers to and incorporates by reference each and every allegation
21 contained in paragraphs 1 through 18, inclusive, as though fully set forth in this claim for relief.
22     20.    The Policy constitutes a written agreement entered into by and between Hartford
23 and Sverdrup in which plaintiff was a participant. Plaintiff has applied for benefits under that
24 Policy, and accepted such benefits subject to all terms and conditions of the Policy. In accepting
25 coverage under the Policy, applying for benefits under the Policy, and accepting such benefits,
26 plaintiff became legally obligated to pay to Hartford all overpayments resulting from other income
27 setoffs not previously deducted from long term disability benefits paid under the Policy, including
28 but not limited to set-offs due to Social Security.

21. Hartford has performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the Policy.

22. Notwithstanding his contractual obligations under the Policy, beginning on an exact date unknown to Hartford, but at least since April 5, 2005, and continuing to the present, plaintiff has materially breached the agreements reflected by the Policy by, among other things, refusing and failing to pay to Hartford the full overpayment.

23. By reason of plaintiff's breach of the policy, and as a direct and proximate result thereof, Hartford has been damaged in the amount of the overpayment, plus interest, costs, and attorneys' fees, in total amount to be proven at trial in this action.

## THIRD CLAIM FOR RELIEF
## (MONEY DUE AND OWING)

24. Hartford refers to and incorporates by reference each and every allegation contained in paragraphs 1 through 23, inclusive, as though fully set forth in this claim for relief.

25. Plaintiff has become indebted to Hartford in the amount of the overpayment, the precise amount to be determined at trial in this action.

26. Plaintiff has failed and refused, and continues to fail and refuse, despite demand by Hartford, to pay the full amounts due and owing to Hartford, including the payment of any interest and costs.

27. Hartford is entitled to recover from plaintiff the overpayment, plus interest and costs, in a total amount to be proven at trial in this action.

## FOURTH CLAIM FOR RELIEF
## (DECLARATORY RELIEF)

28. Hartford refers to and incorporates by reference each and every allegation contained in paragraphs 1 through 27, inclusive, as though fully set forth in this claim for relief.

29. An actual controversy has arisen and now exists between Hartford and plaintiff in that Hartford contends and plaintiff denies:

   (a) That plaintiff received other income benefits which should have been deducted from his monthly long term disability benefits resulting in an overpayment by Hartford

1  which plaintiff must reimburse, but which plaintiff has not reimbursed to Hartford;

2      (b)    That, as a result of the overpayment, plaintiff is required under the Policy
3  to immediately reimburse Hartford for the outstanding amount of the overpayment.

4     30.   Hartford desires a judicial determination of the respective rights and duties of
5  Hartford and plaintiff with respect to the overpayment. In particular, Hartford desires a
6  declaration:

7      (a)    That plaintiff received other income benefits which should have been
8  deducted from his monthly long term disability benefits resulting in an overpayment by Hartford
9  which plaintiff must reimburse, but which plaintiff has not reimbursed to Hartford;

10      (b)    That, as a result of the overpayment, plaintiff is required under the Policy
11  to immediately reimburse Hartford for the outstanding amount of the overpayment.

12     31.   Such a declaration is necessary and appropriate at this time for Hartford to
13  ascertain its rights and duties under the Policy with respect to the overpayment, and determination
14  of both in one proceeding is necessary and appropriate in order to avoid a multiplicity of actions.

15  <u>PRAYER FOR RELIEF</u>

16  WHEREFORE, defendant and Counterclaimant Hartford Life and Accident Insurance
17  Company prays for judgment against plaintiff as follows:

18     1.   For payment of the overpayment due by plaintiff to Hartford at the time of trial of
19  this action plus interest, including prejudgment interest, in a sum to be determined at the time of
20  trial;

21     2.   For attorneys' fees and costs of suit;

22     3.   For a judicial determination of the respective rights and duties of Hartford and
23  plaintiff, and a determination that:

24      (a)    Plaintiff received other income benefits which should have been deducted
25  from his monthly long term disability benefits resulting in an overpayment by Hartford which
26  plaintiff must reimburse, but which plaintiff has not reimbursed to Hartford;

27      (b)    Plaintiff is required under the Policy to immediately reimburse Hartford for
28  the outstanding amount of the overpayment; and

1     4.     For such other and further relief as the Court may deem just and proper.

2    DATED: August 2, 2007     SEDGWICK, DETERT, MORAN & ARNOLD LLP

3

4

By:  <u>s/Dennis G. Rolstad</u>

5        Dennis G. Rolstad
       Erin A. Cornell

6        Attorneys for Defendant and Counterclaimant
       HARTFORD LIFE AND ACCIDENT INSURANCE

7        COMPANY

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28