```
Arthur Johnson SBN 36415
Butts & Johnson
481 North First St.
San Jose, CA 95112
Tel: 408 293 4818
Fax: 408 273 6359

Attorney for Plaintiff and Cross-Defendant
PAUL STAPLES
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

PAUL STAPLES,

    Plaintiff,

v.

HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, DOES 1-25,

    Defendants.
_____//

HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,

    Counterclaimant,

v.

PAUL STAPLES,

    Counter-Defendant.
_____//

NO. C 07-03285 JF

**PLAINTIFF'S ANSWER TO COUNTERCLAIM OF DEFENDANT HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY; REQUEST FOR JURY TRIAL**

    Plaintiff PAUL STAPLES answers the Counterclaim of defendant HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY as follows:

    1.    Counter-defendant admits the allegations of paragraph 1 of the Counterclaim.

    2.    Counter-defendant admits the allegations of paragraph 2 if the Counterclaim.

3. Counter-defendant admits the allegations of paragraph 3 if the Counterclaim.
4. The allegations of paragraph 4 of the Counterclaim contain legal conclusions relating to Hartford's own policy, and require no reply from Counter-defendant.
5. The allegations of paragraph 5 of the Counterclaim contain in relevant part quotes from the Hartford Long Term Disability and require no reply from Counter-defendant.
6. The allegations of paragraph 6 of the Counterclaim contain in relevant part quotes from the Hartford Long Term Disability and require no reply from Counter-defendant.
7. Counter-defendant admits that he began receiving benefits after approval by Hartford, and that Hartford's Policy contains an offset for other disability benefits. The nature of those offsets, and the amounts to which Hartford is entitled, is in dispute.
8. Counter-defendant admits that he has received Social Security Disability benefits. However, the dates of retroactivity, the amounts of offset from Hartford benefits, and plaintiff's compliance with Hartford's alleged notice requirements is in dispute.
9. Counter-defendant admits that he has not reimbursed Hartford for Social Security Disability payments, but denies the rest of the allegations of this Paragraph.

*Plaintiff Reply to Defendant's Counterclaim, and Jury Demand*
*Case No. C 07-03825 JF - Page 2*

**_COUNTER DEFENDANT'S RESPONSE TO FIRST CLAIM FOR RELIEF_**

10. Counter-defendant repeats and realleges the admissions, denials, and assertions of Paragraphs 1-9 to the Counterclaim filed herein as though set forth in full.
11. Counter-defendant admits the allegations of Paragraph 11 of the Counterclaim.
12. Counter-defendant admits the allegations of Paragraph 12 of the Counterclaim.
13. Counter-defendant admits the allegations of Paragraph 13 of the Counterclaim.
14. This paragraph is a legal assertion by Counter-claimant, and is subject to proof by Counter-claimant.
15. This paragraph is a legal assertion by Counter-claimant, and is subject to proof by Counter-claimant.
16. This paragraph is a legal assertion by Counter-claimant, and is subject to proof by Counter-claimant.
17. Counter-defendant denies the allegations of Paragraph 17 of the Counterclaim.
18. Counter-defendant denies that Counter-claimant is entitled to enforce a reimbursement provision in its contract, and that it is entitled to reimbursement for alleged overpayment of LTD benefits.

**_COUNTER DEFENDANT'S RESPONSE TO SECOND CLAIM FOR RELIEF_**

19. Counter-defendant repeats and realleges the admissions, denials, and assertions of Paragraphs 1-9 to the Counterclaim filed herein as though set forth in full.

20. Counter-defendant admits that Counter-defendant received benefits under the Hartford policy. Counter-defendant denies that he became legally obligated to reimburse Hartford for an alleged overpayment.
21. Counter-defendant denies the allegations of Paragraph 21 of the Counterclaim.
22. Counter-defendant denies that he mas materially breached the agreements of the Policy, and denies the remaining allegations of Paragraph 22 of the Counterclaim.
23. Counter-defendant denies that Counter-claimant has been damaged by Counter-defendant's actions in any amount, and that Counter-defendant is obligated to Hartford for any of the damages indicated in Paragraph 23.

### COUNTER DEFENDANT'S RESPONSE TO SECOND CLAIM FOR RELIEF

24. Counter-defendant repeats and realleges the admissions, denials, and assertions of Paragraphs 1-9 to the Counterclaim filed herein as though set forth in full.
25. Counter-defendant denies the allegations of Paragraph 25 of the Counterclaim.
26. Paragraph 26 of the Counterclaim is premised upon the erroneous assumption that Counter-defendant is indebted to reimburse money to Counter-claimant and Counter-defendant therefore denies the allegations of this paragraph.
27. Counter-defendant denies that Counter-claimant has been

damaged by Counter-defendant's actions in any amount, and that Counter-defendant is obligated to Hartford for any of the damages indicated in Paragraph 27.

### COUNTER DEFENDANT'S RESPONSE TO THIRD CLAIM FOR RELIEF

28. Counter-defendant repeats and realleges the admissions, denials, and assertions of Paragraphs 1-9 to the Counterclaim filed herein as though set forth in full.

29. Counter-defendant admits the allegations of Paragraph 29.

30. Counter-defendant admits that Hartford seeks a judicial determination in this matter. Counter-defendant denies the remaining allegations of Paragraph 30.

31. Counter-defendant denies that Hartford is entitled to a ruling that money is owed by counter-defendant to Hartford.

### COUNTER DEFENDANT'S RESPONSE TO PRAYER FOR RELIEF

Counter-defendant denies that Counter-claimant is entitled to any relief of any kind or type, and specifically denies:

1. That Counter-claimant is entitled to reimbursement for an alleged overpayment by Counter-defendant;

2. That Counter-claimant is entitled to attorney's fees and costs payable by Counter-defendant;

3. That Counter-claimant is entitled to a judicial determination of the type specified by Counter-claimant.

*Plaintiff Reply to Defendont's Counterclaim, and Jury Demand*
*Case No. C 07-03825 JF - Page 5*

**AFFIRMATIVE DEFENSES**

Counter-Defendant alleges the following defenses to the allegations of Cross-Complaint, as follows:

### First Affirmative Defense

The Counterclaim fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

The Counterclaim is governed exclusively by ERISA, 29 U.S.C. §1001 et seq., especially ERISA Section 502(a)(1)(b), (29 U.S.C. §1132(a)(1)(b). Therefore, Counter-Claimant's assertion of any state law claims against Counter-Defendant are preempted by ERISA Section 514(a).

### Third Affirmative Defense

Counter-Claimant is equitably estopped from pursuing its Counterclaim, by reason of Counter-Claimant's own action and course of conduct.

### Fourth Affirmative Defense

Counter-Claimant is judicially estopped from pursuing its Counterclaim, which is predicated on a contention that Counter-Defendant is not disabled, whereas the Social Security Administration found that Counter-Defendant is disabled under a definition similar to, if not synonymous with that in the Hartford policy.

### Fifth Affirmative Defense

Counter-Claimant has waived the right, if any, to pursue the Counterclaim by reason of Counter-Claimant's own action and course of conduct.

*Plaintiff Reply to Defendant's Counterclaim, and Jury Demand*
*Case No. C 07-03825 JF - Page 6*

### Sixth Affirmative Defense

Counter-Claimant's claim and prayer for relief are barred in whole or in part by the applicable statute of limitations.

### Seventh Affirmative Defense

Any prayer for relief beyond the relief specifically provided for under ERISA *Section 502, (29 U.S.C.* §1132) is preempted, including any and all claims for money damages.

### Eighth Affirmative Defense

Counter-Claimant cannot recover under its complaint because it comes to this Court with unclean hands.

### Ninth Affirmative Defense

Counter-Claimant's allegation that Counter-Defendant owes it money is based on the fact that Counter-Defendant was found to be disabled by the Social Security Administration. By its act of filing the Counterclaim, Counter-Claimant has endorsed and ratified the Social Security Administration's finding that Counter-Defendant is disabled. By ratifying and endorsing the Social Security Administration's finding that Counter-Defendant is disabled, Counter-Claimant has admitted that Counter-Defendant is disabled. Given the Counter-Claimant's legal admission that Counter-Defendant is disabled, the money paid to Counter-Defendant by the Social Security Administration constitutes a partial offset of money owed to Counter-Defendant by Counter-Claimant, and Counter-Defendant owes Counter-Claimant nothing.

### Tenth Affirmative Defense

To the extent that Counter-Claimant's claim states a common law cause of action for reimbursement of benefits paid under the

ERISA plan, such causes of action are preempted by ERISA and are not available under the ERISA statute which provides that the fiduciary can only obtain equitable relief.

### Eleventh Affirmative Defense

The relief sought by Counter-Claimant is barred because condition precedent to performance by Counter-Defendant were never performed or satisfied.

### Twelfth Affirmative Defense

The relief sought by Counter-Claimant is barred because performance by Counter-Defendant was prevented by acts or omissions of Counter-Claimant or others.

### Thirteenth Affirmative Defense

The relief sought by Counter-Claimant is barred because Counter-Claimant itself is in breach of contract.

### Fourteenth Affirmative Defense

The relief sought by Counter-Claimant is barred because any damages suffered by Counter-Claimant were proximately caused by Counter-Claimant's own conduct, acts or omissions.

### Fifteenth Affirmative Defense

The relief sought by Counter-Claimant for recovery of attorney's fees is improper because there is no alleged basis either in contract or by statute for recovery of attorney's fees.

### Sixteenth Affirmative Defense

Counter-Claimant's claims are barred by the doctrine of laches.

### Seventeenth Affirmative Defense

Counter-Defendant is disabled, and Counter-Claimant owes

disability benefits to Counter-Defendant in an amount in excess of the amount requested in the Counterclaim; therefore, Counter-Claimant is entitled to nothing on its Counterclaim.

**PRAYER FOR RELIEF**

WHEREFORE, Counter-Defendant Paul Staples prays that Counter-Claimant takes nothing by its Counterclaim and that the Counterclaim be dismissed in its entirety with prejudice and that Counter-Defendant be granted his attorney's fees, expenses and costs, and that the Counter-Defendant Paul Staples hereby demands a trial by jury.

Counter-Defendant prays for such other and further relief, legal and equitable, to which he is entitled.

Dated:  August 31, 2007          BUTTS & JOHNSON

_____
By:  Arthur Johnson, Esq.
Attorney for Plaintiff

**DEMAND FOR TRIAL BY JURY**

Counter-defendant Paul Staples hereby demands a trial by jury.

Dated:  August 31, 2007          BUTTS & JOHNSON

_____
By:  Arthur Johnson, Esq.
Attorney for Plaintiff

*Plaintiff Reply to Defendant's Counterclaim, and Jury Demand*
*Case No. C 07-03825 JF - Page 9*