BUTTS & JOHNSON
ARTHUR JOHNSON  Bar No. 36415
481 North First Street
San Jose, California 95112
Telephone: (408) 293-4818
Facsimile: (408) 293-4857

Attorneys for Plaintiff
PAUL STAPLES

SEDGWICK, DETERT, MORAN & ARNOLD LLP
BRUCE D. CELEBREZZE  Bar No. 102181
DENNIS G. ROLSTAD  Bar No. 150006
ERIN A. CORNELL  Bar No. 227135
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone: (415) 781-7900
Facsimile: (415) 781-2635

Attorneys for Defendant
HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| PAUL STAPLES,<br><br>Plaintiff,<br><br>v.<br><br>HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, DOES 1-25,<br><br>Defendants. | CASE NO. C 07-03285 JF<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>JUDGE: Hon. Jeremy Fogel<br>CTRM: 3, 5th Floor (San Jose)<br>DATE: September 21, 2007<br>TIME: 10:30 a.m. |

Defendant Hartford Life and Accident Insurance Company and plaintiff Paul Staples jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

**A.  Jurisdiction and Venue**

The basis for subject matter jurisdiction in this action is federal question, as plaintiff's claims arise under the Employee Retirement Income Security Act of 1974, 29 U.S.C. Section 1001 *et seq.* ("ERISA")

B. **Brief Statement of Facts**

Plaintiff was employed by Sverdrup Technology, Inc. as a Technical Specialist II from August 7, 1995 to October 2, 2002, his last day of work. As an employee of Sverdrup Technology, Inc., plaintiff was a participant in his employer's welfare benefit plan, which was insured by a Group Long Term Disability Policy issued by Hartford Life and Accident Insurance Company ("Hartford"). Hartford was also the claim administrator of benefits under the policy. The policy provides for disability benefits for the first 24 months of disability if plaintiff is prevented by accidental bodily injury, sickness, mental illness, substance abuse, or pregnancy from performing the essential duties of his occupation. After the first 24 months, plaintiff must be prevented from performing the essential duties of any occupation for which his is qualified by education, training, or experience.

In October, 2002, plaintiff submitted a claim for long term disability benefits to Hartford. Plaintiff alleged disability based on above the left knee amputation and significant right knee disability. Plaintiff subsequently received benefits from January 1, 2003 through March 8, 2006. Plaintiff was awarded Social Security Disability benefits on October 20, 2004, and pursuant to the policy, Hartford made a demand for retroactive offsets. Plaintiff appealed and on September 21, 2006, Hartford upheld its decision. On April 30, 2007, plaintiff submitted an additional medical report dated September 6, 2006 and asked Hartford to reopen his claim, but Hartford refused because a final decision had been made on September 21, 2006, and his claim was closed. Plaintiff then filed this current action.

C. **Legal Issues in Dispute**

**LEGAL ISSUES AS TO PLAINTIFF'S COMPLAINT:**

1. What is the appropriate standard of review;

2. Dependent upon the standard of review, what degree of deference should the Court give to the claims decision;

3. Utilizing the degree of deference which the Court deems appropriate, should the claim decision be upheld or reversed;

4. What is the amount of benefits to which plaintiff is entitled pursuant

  to the terms and conditions of the policy at issue in this action;

  5. What amount of legal fees and interest are due, if any.

**LEGAL ISSUES AS TO DEFENDANT'S COUNTERCLAIM:**

1. Whether plaintiff is entitled to a jury trial on defendant's counterclaim for breach of contract;
2. Whether defendant's counterclaim for breach of contract is preempted by ERISA;
3. Whether defendant's act of filing a counterclaim constitutes a legal admission that plaintiff was disabled;
4. Whether counter-defendant has breached his contract with counter-claimant.

**D.  Motions**

**PLAINTIFF'S MOTIONS:**

Plaintiff anticipates filing a Motion to Augment the Administrative Record by inclusion of a report of Dr. Weiss dated September 6, 2006, requested to be submitted by plaintiff before the complaint was filed. As an alternative to augmenting the record, plaintiff's motion will ask that the claim be remanded to the claims administrator to review the report of Dr. Weiss dated September 6, 2006.

Plaintiff anticipates filing a Motion to Dismiss Defendant's Counterclaim based on the issue of preemption.

Plaintiff anticipates filing a Motion for Summary Judgment. A trial may be necessary depending on the results of summary judgment.

**DEFENDANT'S MOTIONS:**

Defendant anticipates filing a motion for summary judgment regarding the overall propriety of the decision to deny benefits. Defendants contend that because the case will be reviewed for abuse of discretion, it can be decided on a motion for summary judgment based upon the administrative record. Bendixen v. Standard Ins. Co., 185 F.3d 939, 942 (9th Cir. 1999). Therefore, a trial is not necessary.

### E. Amendment of the Pleadings

The parties do not anticipate any amendment of the pleadings.

### F. Evidence Preservation

Plaintiff will disclose any documents he anticipates will be part of his case to defendants. Plaintiff will also disclose any documents regarding his award of Social Security Disability benefits or other offset information. Plaintiff anticipates augmenting the administrative record or alternatively to remand to the claims administrator to add the report of Dr. Jacqueline Weiss dated September 6, 2006, correspondence from plaintiff's counsel dated April 30, 2007 and February 22, 2007, and correspondence from Hartford dated May 9, 2007 and February 28, 2007.

The complete administrative record relating to plaintiff's claim for benefits, as kept in Hartford's normal course of business, will be disclosed to plaintiff as part of defendant's initial disclosures.

### G. Disclosures

The parties agree to exchange initial disclosures by September 17, 2007.

### H. Discovery

There is an issue between the parties as to the nature of the record in this case. The parties do not agree on the issue of discovery "outside the administrative record." There are discovery disputes that need to be resolved before this matter proceeds to summary judgment.

**PLAINTIFF'S POSITION:**

Plaintiff will seek discovery regarding defendant's refusal to delay its decision on its appeal until Dr. Weiss' report could be provided and defendant's decision to refuse to reconsider the appeal after Dr. Weiss' report was provided by counsel. This discovery relates to defendant's conflict of interest and is relevant to the court's determination as to the level of review pursuant to Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955 (9th Cir. 2006).

Plaintiff further contends that defendant's counterclaim for breach of contract allows for full discovery.

**DEFENDANT'S POSITION:**

This action is governed by the Employee Retirement Income Security Act of 1974

("ERISA"), and therefore defendant contends that discovery outside the administrative record is not warranted. ERISA provides that the reviewing court may only consider the evidence that was before the claims administrator at the time of the benefit decision when considering whether the claims administrator made a reasonably discretionary decision. Tremain v. Bell Industries, Inc., 196 F.3d 970 (9th Cir. 1999). The Ninth Circuit has never permitted discovery outside the administrative record in ERISA cases, whether to determine the extent of an administrator's conflict of interest or otherwise. Even under prior law requiring a plaintiff to satisfy his or her burden to show an actual conflict of interest, the courts found actual conflicts, if at all, based upon documents in the record. The recent ruling in Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955 (9th Cir. 2006) removed the prior burden plaintiffs shouldered to "come forward with material, probative evidence that the apparent conflict of interest tainted the administrator's decision," therefore negating plaintiff's argument that discovery was necessary to meet this burden, and Abatie did not authorize discovery.

Moreover, plaintiff should have to come forward with prima facie evidence showing grounds for a conflict of interest before any discovery can be propounded. There are no grounds in this action that would support discovery, even regarding any alleged conflict of interest, and plaintiff should have her proposed discovery approved by the Court. Discovery in ERISA actions, even if allowed, is extremely limited, and plaintiff may not simply propound unwarranted discovery pursuant to the Federal Rules of Civil Procedure, as in an action at common law.

Furthermore, if discovery is allowed regarding defendant's counterclaim, it should be limited only to how much income plaintiff actually received from the Social Security Administration. Defendant's counterclaim does not entitled plaintiff to discovery regarding any alleged conflict of interest or the merits of the claims decision.

**I.   Class Actions**

This is not a class action.

**J.   Related Cases**

There are no related cases.

K. **Relief**

1. **Plaintiff:**

Plaintiff seeks that the administrative record be supplemented by the report of Jacqueline Weiss, M.D. dated September 6, 2006. In addition, plaintiff seeks long term disability benefits be paid on the basis of the inclusion of Dr. Weiss' report dated September 6, 2006, along with attorneys' fees and costs. Plaintiff's current benefits due are approximately 18.2 months at $3,820 per month, less appropriate offset for Social Security Disability benefits and entitled to benefits for another 90 months, until age 65.

2. **Defendant:**

Defendant seeks reimbursement of the outstanding overpayment resulting from plaintiff's award of Social Security Disability benefits, in the amount of at least $14,000. Defendant does not seek damages, but reserves the right to seek attorneys' fees and costs of suit incurred herein.

L. **Settlement and ADR**

1. **Alternative Dispute Resolution Procedure:**

The parties have filed a Stipulation and Proposed Order selecting the following ADR Process: Mediation.

2. **ADR Scheduling**

The parties request an ADR Process completion deadline of December 14, 2007.

M. **Consent to Magistrate Judge for All Purposes**

The parties do not consent to have a Magistrate Judge conduct all further proceedings, including trial and entry of judgment.

N. **Other References**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

O. **Narrowing of Issues**

**PLAINTIFF'S CONTENTIONS:**

The issues will be narrowed depending on whether the court will grant plaintiff's Motion to augment the administrative record with Dr. Weiss' report of September 6, 2006 or

alternatively, whether the court will remand to the claims administrator to consider Dr. Weiss' September 6, 2006 report. The issues will be further narrowed if defendant's counterclaim is preempted.

**DEFENDANT'S CONTENTIONS:**

The policy contains an unambiguous grant of discretionary authority to Hartford to construe the terms of the policy and make benefit determinations. Therefore, the abuse of discretion standard of review applies. The issue of the degree of skepticism the Court will have regarding Hartford's discretionary benefits decision can be narrowed by a motion for summary adjudication.

P.   **Expedited Schedule**

This is not the type of case that can be handled on an expedited basis with streamlined procedures.

Q.   **Scheduling**

    1.   **Plaintiff's proposed dates:**

        Discovery cut-off: February 1, 2008

        Joint briefing schedule with opening briefs being filed in April, 2008, and opposition and reply briefs to be filed pursuant to local rules.

    2.   **Defendant's proposed dates:**

        Discovery cut-off: January 1, 2008

        Joint briefing schedule with opening briefs being filed in February, 2008, closing briefs to be filed two weeks later, and no reply briefs.

R.   **Trial**

**PLAINTIFF'S POSITION:**

There are issues of fact as to both the standard of review and as to defendant's decision to deny the claim that require a bench trial. Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955, 973 (9th Cir. 2006). Plaintiff contends he is entitled to a jury trial on defendant's counterclaim for breach of contract.

**DEFENDANT'S POSITION:**

Under the abuse of discretion standard of review, the normal rules of summary judgment do not apply. The court is not to look for disputed issues, but rather summary judgment is merely the conduit to bringing the legal question before the court. Bendixen v. Standard Ins. Co., 185 F.3d 939, 942 (9th Cir. 1999). Therefore, a trial is not necessary and the Court can resolve purported issues of disputed fact through a summary judgment motion. Alternatively, the Court can set an early briefing schedule for a bench trial on the administrative record.

S.   **Disclosure of Non-party Interest Entities or Persons**

Defendant has filed its Certification of Interested Entities or Persons as required by Civil Local Rule 3-16. Defendant identifies the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities known to have either (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding:

1. Paul Staples, plaintiff;
2. Sverdrup Technology, Inc., plaintiff's employer;
3. Hartford Life and Accident Insurance Company, defendant;
4. Hartford Life, Inc., parent corporation of Hartford Life and Accident Insurance Company;
5. Hartford Holdings, Inc., parent corporation of Hartford Life, Inc.; and
6. The Hartford Financial Services Group, Inc., parent corporation of Hartford Holdings, Inc.

Plaintiff discloses the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities known to have either (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding:

1. Paul Staples, plaintiff.

1  DATED: September 14, 2007          BUTTS & JOHNSON

4                                      By: _____
                                          Arthur Johnson
                                          Attorneys for Plaintiff
5                                         PAUL STAPLES

8  DATED: September __, 2007         SEDGWICK, DETERT, MORAN & ARNOLD LLP

11                                    By: _____
                                          Dennis G. Bolstad
                                          Erin A. Cornell
12                                        Attorneys for Defendant
                                          HARTFORD LIFE AND ACCIDENT INSURANCE
13                                        COMPANY

15                              **CASE MANAGEMENT ORDER**

16      The Case Management Statement and Proposed Order is hereby adopted by the Court as

17  the Case Management Order for the case and the parties are ordered to comply with this Order.

18  In addition, the Court orders:

23  DATED:

                                          _____
24                                        HONORABLE JEREMY FOGEL
                                          UNITED STATES DISTRICT JUDGE